# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| DS SERVICES OF AMERICA, INC., DBA PRIMO WATER NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; KATHERINE TAI, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; CHRIS MAGNUS, U.S. CUSTOMS & BORDER PROTECTION COMMISSIONER, <br><br> Defendants. | | Court No. 22-00157 |

## COMPLAINT

Plaintiff DS Services of America, Inc., d/b/a Primo Water North America, Inc. ("Plaintiff"), by and through the undersigned counsel, White & Case LLP, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1. This action concerns Defendants' decision not to reinstate a previously granted exclusion from duties under Section 301 of the Trade Act of 1974 (19 U.S. Code §§ 2411-2420) ("Trade Act") on imports from the People's Republic of China of water coolers classified under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 8418.69.0120 ("Water Cooler Exclusion"). *Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17380 (Mar. 28, 2022).

2.     Defendants' decision not to reinstate the Water Cooler Exclusion violated the Administrative Procedure Act ("APA") 5 U.S.C. §§ 551–559.  The Office of the United States Trade Representative ("USTR") failed to "incorporate in the rules adopted a concise general statement of their basis and purpose."  5 U.S.C. § 553(c).  Despite receiving comments both favoring and opposing reinstatement of the Water Cooler Exclusion, USTR did not explain how, if at all, it evaluated those comments' accuracy and relevance, or how those comments shaped its determination.

## JURISDICTION

3.     The Court possesses subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1581(i)(1)(B), which confers "exclusive jurisdiction" to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."  28 U.S.C. § 1581(i)(1)(B).

## PARTIES

4.     Plaintiff is a water cooler distributor in North America, Europe, and Israel.  Plaintiff imports water coolers into the United States.  These goods are properly classified and entered under HTSUS subheading 8418.69.0120.

5.     Defendant United States of America receives the disputed Section 301 duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

6.     The Office of the USTR is the executive agency of the United States charged with investigating a foreign country's trade practices under Section 301 of the Trade Act and establishing "appropriate" responses.  USTR conducted the Section 301 investigation at issue and made the decision not to reinstate the Water Cooler Exclusion.

7. Ambassador Katherine Tai currently holds the position of USTR and serves as the Director of the Office of the USTR.

8. Defendant U.S. Customs & Border Protection ("CBP") is the agency that collects duties on imports. CBP collects the Section 301 duties paid by Plaintiff as a result of USTR's failure to reinstate the Water Cooler Exclusion.

9. Defendant Chris Magnus is the Commissioner of CBP. In this capacity, he oversees CBP's collection of the Section 301 duties paid by Plaintiff.

## STANDING

10. Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of" the APA. 5 U.S.C. § 702; *see* 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."). Defendants' decision-making in violation of the APA adversely affected and aggrieved Plaintiff by depriving it of a Section 301 duty exclusion without the statutorily mandated explanation of USTR's "basis and purpose" for its decision. As a result of Defendants' unlawful actions, Plainitff must pay Section 301 duties at a rate of 25 percent of the entered value of the water coolers it imports.

## TIMELINESS OF THIS ACTION

11. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). This action contests action taken by Defendants that resulted in the decision not to reinstate the Water Cooler Exclusion.

12. The decision not to reinstate the Water Cooler Exclusion, was published as: *Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to*

*Technology Transfer, Intellectual Property, and Innovation,* 87 Fed. Reg. 17380 (Mar. 28, 2022). Although the decision's retroactive effect reached entries that Plaintiff had made earlier, Plaintiff's claims involving duties imposed on Section 301 products accrued at the earliest on March 28 2022, when USTR published its notice. *Id.* This action is therefore timely.

## RELEVANT LAW

13.     Section 301 of the Trade Act authorizes USTR to investigate a foreign country's trade practices. 19 U.S.C. § 2411(b). If the investigation reveals an "unreasonable or discriminatory" practice, USTR may take "appropriate" action, such as imposing duties on imports from the country that administered the unfair practice. *Id.* § 2411(b), (c)(1)(B).

14.     Section 307 of the Trade Act (in pertinent part) allows USTR to "modify or terminate" an action taken pursuant to Section 301 of the Trade Act, if the "burden or restriction on United States commerce" imposed by the investigated foreign country's practice has "increased or decreased" or the action "is no longer appropriate." *Id.* § 2417(a)(1)(B), (C).

15.     Section 553 of the APA (in pertinent part) requires an agency, when conducting notice and comment rulemaking, to "incorporate in the rules adopted a concise general statement of their basis and purpose." 5 U.S.C. § 553(c). To be sufficient to permit "meaningful" judicial review, an agency's statement must enable the court "to see what major issues of policy were ventilated by the informal proceedings and why the agency reacted to them as it did." *Auto. Parts & Accessories Asso. v. Boyd*, 132 U.S. App. D.C. 200, 407 F.2d 330, 338 (1968).

16.     This Court has found that this section of the APA applies to USTR's actions with respect to Section 301 duties. *See In Re Section 301 Cases*, No. 21-00052-3JP, Slip Op. 22-32 (Ct. Int'l Trade Apr. 1, 2022).

**PROCEDURAL HISTORY**

17.    On June 20, 2018, USTR published notice of its first list of products subject under Section 301 to an additional duty of 25% *ad valorem*, a list commonly known as "List 1." *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018).

18.    In July 2018, recognizing that List 1 duties could cause economic harm to U.S. companies and consumers, as well as the U.S. economy, USTR invited the public to seek exclusions from List 1 duties on a product-specific basis. *Procedures To Consider Requests for Exclusion of Particular Products From the Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 32,181 (July 11, 2018). On December 28, 2018, USTR granted an initial exclusion for the water cooler products imported by Plaintiff subject to List 1 duties. *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 83 Fed. Reg. 67,463 (Dec. 28, 2018) (granting an exclusion for entries classified under HTSUS subheading 8418.69.0120).

19.    On December 23, 2019, USTR extended numerous exclusions for List 1 duties, including the exclusion covering the water cooler products imported by Plaintiff under HTSUS subheading 8418.69.0120. *Notice of Product Exclusion Extensions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 70,616 (Dec. 23, 2019) (granting an extension of the exclusion for HTSUS subheading 8418.69.0120). The extended exclusion is the "Water Cooler Exclusion" referenced throughout this Complaint. The Water Cooler Exclusion expired on December 28, 2020. *Id.*

20.     On October 8, 2021, USTR invited the public to comment on whether to reinstate particular exclusions previously granted and extended, including the Water Cooler Exclusion. *Request for Comments on the Possible Reinstatement of Certain Exclusions in the Section 301 Investigation of China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 86 Fed. Reg. 56,345 (Oct. 8, 2021).   More specifically, USTR requested that comments on whether to reinstate the exclusions address: "(a) Whether the particular product and/or a comparable product is available from sources in the United States and/or in third countries; (b) Any changes in the global supply chain since September 2018 with respect to the particular product or any other relevant industry developments; (c) The efforts, if any, the importers or U.S. purchasers have undertaken since September 2018 to source the product from the United States or third countries; and (d) Domestic capacity for producing the product in the United States."   In addition, USTR stated that it would consider whether reinstating an exclusion would "impact or result in severe economic harm to the commenter or other U.S. interests, including the impact on small businesses, employment, manufacturing output, and critical supply chains in the United States, as well as the overall impact of the exclusions on the goal of obtaining the elimination of China's acts, policies, and practices covered in the Section 301 investigation." *Id*.

21.     Pursuant to USTR's request for comments, Plaintiff submitted a reinstatement request for the Water Cooler Exclusion. *See* DS Services of America, Inc. dba Primo Water North America, Submission ID:  USTR-2021-0019-59892, *Public Docket: Index of Comments on the Possible Reinstatement of Previously Extended Exclusions, Docket ID: USTR-2021-0019*, USTR COMMENTS PORTAL, https://comments.ustr.gov/s/ extensiondetails?rid= 2X4QP3X3P4.

22.     One U.S. company, Natural Choice Corporation, filed a comment opposing the reinstatement of the Water Cooler Exclusion, claiming that it produced such water coolers. Natural Choice Corporation, Submission ID: USTR-2021-0019-60505, *Public Docket: Index of Comments on the Possible Reinstatement of Previously Extended Exclusions, Docket ID: USTR-2021-0019*, USTR COMMENTS PORTAL, https://comments.ustr.gov/s/extensiondetails?rid= M9G4J87XXY. In fact, the products advertised by Natural Choice Corporation on its website are water filters, not water coolers. Natural Choice, *Products*, https://www.naturalchoicewater.com /products (last visited May 12, 2022). Water filters are properly classified under a different tariff classification, namely HTSUS subheading 8418.69.0180. *See* NY N283857 (Mar. 22, 2017).

23.     On March 28, 2022, USTR reinstated 352 of the 549 Section 301 exclusions that were eligible for reinstatement. USTR did not reinstate the Water Cooler Exclusion. The reinstated product exclusions applied retroactively to October 12, 2021 and extend through December 31, 2022. *Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17380 (Mar. 28, 2022). The March 28, 2022 notice did not contain any explanation of why USTR decided not to reinstate the Water Cooler Exclusion, including the relevance of the opposition filed by Natural Choice to USTR's decision.

## STATEMENT OF CLAIMS

## COUNT 1:  VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

24.     Paragraphs 1 through 23 are incorporated by reference.

25.     The APA authorizes the Court, in relevant part, to hold unlawful and set aside agency action that is: "(D) without observance of procedure required by law", or "(E) unsupported by substantial evidence."  5 U.S.C. § 706(2).

26.     Under the APA, USTR is required when conducting notice and comment rulemaking to "incorporate in the rules adopted a concise general statement of their basis and purpose." 5 U.S.C. § 553(c).  This has been interpreted to require that the statement enable a court "to see what major issues of policy were ventilated by the informal proceedings and why the agency reacted to them as it did." *Auto. Parts*, 407 F.2d at 338.

27.     Defendants declined to reinstate the Water Cooler Exclusion without providing the statutorily required explanation of their rationale.  Indeed, despite receiving comments both favoring and opposing reinstatement of the Water Cooler Exclusion, USTR did not explain how, if at all, it evaluated those comments' accuracy and relevance, or how those comments shaped its final list of reinstated exclusions.  Thus, this Court cannot discern "why the agency reacted … as it did." *Id*.

28.     Consequently, USTR's decision-making did not comply with the APA.  *See, e.g., In Re Section 301 Cases*, No. 21-00052-3JP, Slip Op. 22-32 (Ct. Int'l Trade Apr. 1, 2022) (remanding the Section 301 *Final List 3* and *Final List 4* to USTR for "reconsideration or further explanation regarding the USTR's rationale for imposing the tariffs and, as necessary, the USTR's reasons for placing products on the lists or removing products therefrom."); *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, Slip Op. 20-90 (Ct. Int'l Trade June 25, 2020) (granting the Government's motion for voluntary remand due to "concerns over the adequacy of the record" after Plaintiff alleged that the Department's denials of its Section 232 exclusion requests violated the APA and were rendered without observance of procedure required by law.).

29.     Defendants' decision-making resulted in the unlawful imposition of Section 301 duties at a rate of 25 percent on imports by Plaintiff of water coolers entered under HTSUS subheading 8418.69.0120 since at least October 12, 2021.

## **PRAYER FOR RELIEF AND JUDGMENT**

Wherefore, Plaintiff respectfully requests that this Court:

(1)     declare that Defendants unlawfully declined to reinstate the Water Cooler Exclusion;

(2)     remand the matter to USTR to reconsider the Water Cooler Exclusion;

(3)     order Defendants to refund, with interest, any duties paid by Plaintiff pursuant to Section 301 on water coolers entered under HTSUS subheading 8418.69.0120 on or after October 12, 2021 and through December 31, 2022;

(4)     award Plaintiff its costs and reasonable attorney fees; and

(5)     grant such other and further relief as may be just and proper.

Respectfully submitted,

_____/s/ David E. Bond_____

David E. Bond
Dean A. Barclay
Lauren E. Wyszomierski

WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Date: May 25, 2022

# CERTIFICATE OF SERVICE

I, David E. Bond, of the law firm of White & Case, hereby certify, pursuant to U.S. Court of International Trade Rule 4(b) and (h), that on May 25, 2022, copies of the foregoing Summons, Complaint, Form 5, and Form 13 were served on the following parties by certified mail, return receipt requested:


Elizabeth Anne Speck
Trial Attorney
Civil Division, Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Jeanne Davidson
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

General Counsel Greta Peisch
Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20006

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229



/s/ David E. Bond

David E. Bond