UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DS SERVICES OF AMERICA, INC., DBA PRIMO WATER NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; KATHERINE TAI, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; CHRIS MAGNUS, U.S. CUSTOMS & BORDER PROTECTION COMMISSIONER,<br><br>Defendants. | Before: Mark A. Barnett, Chief Judge<br>Court No. 22-00157<br><br>**PUBLIC VERSION** |

## ORDER

Plaintiff, DS Services of America, Inc., doing business as Primo Water North America, Inc. ("Primo Water"), commenced this action challenging a decision by the Office of the United States Trade Representative ("the USTR") not to reinstate an exclusion from duties imposed pursuant to section 301 of the Trade Act of 1974, 19 U.S.C. § 2411, *et. seq.* *See* Compl. ¶¶ 1–2, ECF No. 2. The matter is before the court on Plaintiff's motion for a preliminary injunction pursuant to U.S. Court of International Trade ("USCIT") Rule 65(a). Pl.'s Mot. for Prelim. Inj. ("Pl.'s Mot."), ECF No. 5. Plaintiff seeks the suspension of liquidation of its entries of water coolers imported from the People's Republic of China under subheading 8418.69.01.20 of the Harmonized Tariff Schedule of the United States ("HTSUS") from October 12, 2021, through December

31, 2022.  *Id.*   Defendants consent to the suspension of liquidation and provide a joint proposed order for the court to enter, though they do not concede that any of the four factors the court typically examines before granting preliminary injunctive relief have been met.[1]  Confidential Defs.' Resp. to Pl.'s Mot. for a Prelim. Inj., ECF No. 12.

A preliminary injunction "is an equitable remedy," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982), that is "never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008).  "The essence of equity jurisdiction," however, is the court's "power . . . to do equity and to [mold] each decree to the necessities of the particular case.  Flexibility rather than rigidity has distinguished it."  *Weinberger*, 456 U.S. at 312 (quoting *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).  Consistent with this notion, and for the reasons discussed below,[2] the court will grant Plaintiffs' motion.

As noted, Plaintiff seeks to suspend the liquidation of their unliquidated entries.  Pl.'s Mot. at 1.  The injunction thus allows Defendants to continue to collect section 301 duties.  *See id.* at 11; *cf.* USCIT Rule 65(c) (requiring the movant to give appropriate security).  Because this preliminary injunction is structured like a statutory injunction routinely entered in antidumping and countervailing duty cases pursuant to 19 U.S.C. § 1516a(c)(2) and 28 U.S.C. § 1581(c), it would allow Plaintiff and U.S. Customs and Border Protection ("CBP") to rely upon and use existing administrative procedures to

---

[1] The four factors are: "(1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest." *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1345 (Fed. Cir. 2018).
[2] USCIT Rule 65(d)(1)(A) requires "[e]very order granting an injunction" to "state the reasons why it issued."

effectuate any relief to which Plaintiff may ultimately be entitled,[3] but does not provide such relief prior to Plaintiff proving its case.[4]  Thus, the preliminary injunction maintains the *status quo*, provides security to Defendants, and assures Plaintiff of the possibility of relief in the least costly fashion.  *See* USCIT Rule 1 (stating that the court's rules, including Rule 65, "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

The various consent orders suspending liquidation entered by the court in other section 1581(i) cases without resort to the four-factor analysis likewise recognize the need to preserve the *status quo ante* in the event the litigation results in an adjustment to the duties owed on an entry.  *See* Defs.' Resp. to Crt.'s Req. for Add'l Information at 1–2, Ex. 1, ECF No. 16 (cataloging cases).  So too here, given Defendants' consent, suspending liquidation is an appropriate exercise of the court's equitable discretion.

Accordingly, consistent with the terms of the joint proposed order, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 5) is **GRANTED**; it is further

---

[3] While Plaintiff's claim implicates actions by the USTR, Compl. ¶¶ 24–29, CBP is the agency tasked with applying section 301 exclusions, *see, e.g.*, U.S. Customs and Border Prot., CSMS # 42566154 – Section 232 and Section 301 – Extensions Reqs., PSCs, and Protest, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a (May 1, 2020, 5:05 PM).  This feature of the exclusions process further supports keeping Plaintiff's entries unliquidated to allow CBP to make any necessary adjustments to the amount of duties ultimately owed on the entries.

[4] Plaintiff seeks, *inter alia*, a refund with interest of any section 301 duties found to have been collected pursuant to an unlawful decision not to reinstate an exclusion.  Compl. at 9 (prayer for relief).

Court No. 22-00157 Page 4

**ORDERED** that CBP is enjoined from liquidating any unliquidated entries of articles entered under subheading 8418.69.01.20, HTSUS, that are subject to section 301 duties under subheading 9903.88.01, HTSUS, filed by Primo Water (Importer No. [[          ]]) on or after October 12, 2021, through December 31, 2022; it is further

**ORDERED** that this order is effective immediately and continues in effect until a final court decision is entered in this action, including all appeals and remand proceedings, unless otherwise modified or dissolved by the court; and it is further

**ORDERED** that any entries inadvertently liquidated after this order is signed, but before this injunction is fully implemented by CBP, shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: June 24, 2022
New York, New York