## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| DS SERVICES OF AMERICA, INC., ) | |
| DBA PRIMO WATER NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Court No. 22-157 |
| ) | |
| THE UNITED STATES, ) | |
| OFFICE OF THE UNITED STATES ) | |
| TRADE REPRESENTATIVE; ) | |
| KATHERINE TAI, U.S. TRADE REPRESENTATIVE; ) | |
| U.S. CUSTOMS & BORDER PROTECTION; ) | |
| CHRIS MAGNUS, U.S. CUSTOMS & BORDER ) | |
| PROTECTION COMMISSIONER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## <u>ORDER</u>

Upon consideration of defendants' unopposed motion for voluntary remand for reconsideration of the decision at issue in this case, it is hereby

ORDERED that defendants' motion is granted, and that this matter is remanded to the Office of the United States Trade Representative (USTR) for reconsideration of the final decision not to reinstate the exclusion at issue in this case; and it is further

ORDERED that the USTR shall have 90 days from the date of this order to file remand results with the Court; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order (including for filing the administrative record), no later than 14 days after USTR files the remand results.

_____
CHIEF JUDGE

Dated: _____, 2022
   New York, NY

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| DS SERVICES OF AMERICA, INC.,<br>DBA PRIMO WATER NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br><br><br>v.<br><br>THE UNITED STATES,<br>OFFICE OF THE UNITED STATES<br>TRADE REPRESENTATIVE;<br>KATHERINE TAI, U.S. TRADE REPRESENTATIVE;<br>U.S. CUSTOMS & BORDER PROTECTION;<br>CHRIS MAGNUS, U.S. CUSTOMS & BORDER<br>PROTECTION COMMISSIONER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court No. 22-157 |

## <u>DEFENDANTS' UNOPPOSED MOTION FOR VOLUNTARY REMAND</u>

Defendants, the United States, *et al.*, respectfully request that the Court remand this action to the Office of the United States Trade Representative (USTR) for the agency to reconsider its final determination not to reinstate the exclusion from duties pursuant to Section 301 of the Trade Act of 1974 (19 U.S.C. §§ 2411-2420) (Section 301), of water coolers classified under Harmonized Tariff Schedule of the United States (HTSUS) subheading 8418.69.01 for the time period October 12, 2021, through December 31, 2022.  We also respectfully request that the Court stay the filing of the administrative record and answer pending completion of USTR's remand results.

If this motion is granted, USTR intends to reconsider the reinstatement request filed by plaintiff DS Services of America, Inc. d/b/a Primo Water North America, Inc. (Primo Water) and other parties in light of the complaint in this matter.  USTR will issue a new determination either: (1) granting the request and reinstating the exclusion for the applicable time period; or (2) denying the reinstatement request.  On August 30, 2022, undersigned counsel for the defendants consulted David Bond, counsel for Primo Water and he stated that Primo Water does not oppose this motion.

## BACKGROUND

Primo Water claims to be an importer of water coolers that are subject to Section 301 duty deposits under subheading 9903.88.01, HTSUS.  Compl., ¶ X; *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (USTR June 20, 2018).

Recognizing that specific products within a particular tariff subheading were only available from China, that imposition of additional duties on the specific products  could cause severe economic harm to a U.S. interest, and that the specific products were not strategically important or related to the "Made in China 2025" program, USTR invited the public to request that particular products be excluded from additional duties.  *Procedures To Consider Requests for Exclusion of Particular Products From the Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 32,181 (U.S. Trade Representative July 11, 2018); Compl., ¶ 18. Exclusions were product specific, covering certain products within a 10-digit subheading, or covered an entire HTSUS 10-digit subheading.  On December 28, 2018, USTR granted a ten-

digit exclusion covering drinking water cooler products entering the United States under HTSUS subheading 8418.69.0120.  *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 83 Fed. Reg. 67,463 (Dec. 28, 2018) (*Dec. 2018 Exclusion Notice*); Compl., ¶ 18.

On December 23, 2019, USTR extended numerous exclusions, including the 10-digit exclusion for drinking water cooler products entering under subheading 8418.69.0120.  *Notice of Product Exclusion Extensions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 70,616 (U.S. Trade Representative Dec. 23, 2019) (granting an extension of the exclusion for HTSUS subheading 8418.69.0120) (Water Cooler Exclusion); Compl., ¶ 19.  The Water Cooler Exclusion expired on December 28, 2020.  *Id.*

On October 8, 2021, USTR announced that it was considering the possible reinstatement of previously extended exclusions and invited the public to comment on whether to reinstate particular exclusions  previously extended, including the Water Cooler Exclusion. *Request for Comments on the Possible Reinstatement of Certain Exclusions in the Section 301 Investigation of China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 86 Fed. Reg. 56,345 (U.S. Trade Representative Oct. 8, 2021) (*October 2021 Request for Comments*); Compl., ¶ 20.  USTR requested that comments on whether to reinstate the exclusions address factors such as:

> (a) Whether the particular product and/or a comparable product is available from sources in the United States and/or in third countries; (b) Any changes in the global supply chain since September 2018 with respect to the particular product or any other relevant industry developments; (c) The efforts, if any, the importers or U.S. purchasers have undertaken since September 2018 to source the product from the United States or third

countries; and (d) Domestic capacity for producing the product in
the United States.

*Id.*; Compl., ¶ 20.  Also, USTR stated that it would consider whether reinstating an exclusion
would:

> {I}mpact or result in severe economic harm to the commenter or
> other U.S. interests, including the impact on small businesses,
> employment, manufacturing output, and critical supply chains in
> the United States, as well as the overall impact of the exclusions on
> the goal of obtaining the elimination of China's acts, policies, and
> practices covered in the Section 301 investigation.

*Id*.

Primo Water submitted a comment requesting reinstatement of the Water Cooler
Exclusion.  Compl., ¶ 21.  One U.S. company, Natural Choice Corporation, filed a comment
opposing the reinstatement of the Water Cooler Exclusion, claiming that it produced such water
coolers.  Compl., ¶ 22.  On March 28, 2022, USTR reinstated 352 of the 549 previously extended
exclusions. USTR did not reinstate the Water Cooler Exclusion.  *Id.*  The reinstated product
exclusions applied retroactively to October 12, 2021, and extend through December 31, 2022.
*Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to
Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17,380 (U.S. Trade
Representative Mar. 28, 2022) (*March 2022 Notice of Reinstating Certain Exclusions*); Compl.,
¶ 22.

On May 25, 2022, Primo Water filed a timely summons and complaint (ECF Nos. 1 and
2) challenging the Government's decision not to reinstate the Water Cooler Exclusion.  *Notice of
Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to
Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17,380 (USTR Mar.
28, 2022).  In its complaint, Primo Water contends that USTR violated the Administrative

Procedure Act (APA) because it did not provide an explanation for its decision not to reinstate the Water Cooler Exclusion and that the decision was otherwise arbitrary and capricious and unsupported by substantial evidence.  Compl., ¶¶ 25-29.  As part of its contention, the complaint calls into question whether Natural Choice Corporation produces water cooler products covered by the Water Cooler Exclusion, asserting that Natural Choice Corporation's  website only advertises water filters, which are properly classified under a different subheading. Compl., ¶ 22.

On July 14, 2022, Natural Choice Corporation submitted a letter to USTR, noting that upon further examination, it wishes to withdraw its comment.

## ARGUMENT

## I.    Standard Of Review

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."  *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  Indeed, under the circumstances here, which involve weighing competing interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith."  *Id.* at 1029-30 (reversing trial court's decision to deny remand); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion

in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029.  In other circumstances, this Court has held that an agency's concerns are substantial and legitimate when: (1) "{the agency} provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by {the agency}," and (3) the "scope of {the agency's} remand request is appropriate."  *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2014) (indicating that Court "will deny a request that is 'frivolous or in bad faith'") (quoting *SKF*, 254 F.3d at 1029)).

## II.  USTR's Request For A Remand Is Based In Substantial And Legitimate Concerns

Granting a voluntary remand would give USTR an opportunity to examine the determination at issue in light of the circumstances set out above, and to provide the Court with explanation of its decision.  Our request in this case meets the standard outlined in *SKF USA Inc. v. United States*/ 254 F.3d at 1029.  In light of the allegations in the complaint regarding Natural Choice Corporation's production of certain water coolers, and Natural Choice Corporation's request to withdraw its comment opposing reinstatement of the exclusion, we seek a voluntary remand for USTR to consider whether these circumstances call for an opening of the record to consider Natural Choice Corporation's withdraw request and whether a change in the determination regarding the Water Cooler Exclusion is warranted in light of the allegations in the complaint.  In the remand, USTR would apply the factors set forth in the *October 2021 Request*

*for Comments Request for Comments*, and explain its decision based upon record evidence. *Nucor Corp. v. United States*, 612 F. Supp. 2d 1264, 1336-37 (Ct. Int'l Trade 2009) (explaining that under *SKF* remand is typically appropriate).  This remand request is without prejudice to USTR's determination as to the significance of the withdrawal request in terms of the relevant administrative record  and whether additional explanation of USTR's determination is legally required.

A remand would not be inconsistent with the need for finality.  Indeed, Primo Water challenges USTR's denial of its request to reinstate the Water Cooler Exclusion  *See* Compl., Prayer for Relief.  On remand, depending on the outcome of USTR's examination, USTR could grant the relief that Primo Water seeks.  Thus, "remanding for reconsideration now essentially expedites relief that [the plaintiff] seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later."  *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (Ct. Int'l Trade June 25, 2020).  Should the exclusion be reinstated it will be reinstated for the dates identified in the *March 2022 Notice of Reinstating Certain Exclusions*, 87 Fed. Reg. 17,380 (U.S. Trade Representative Mar. 28, 2022).

Finally, the scope of the request is appropriate to the issues that have been raised.  USTR intends to reconsider the relevant aspects of the exclusion request record and decision.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1.  Remand will also conserve judicial resources on a matter that may well be mooted or resolved by the agency action in this matter.  USTR's request is thus substantial and legitimate, and the Court should grant it.

If the Court were to deny our motion, we respectfully request that the Court provide 30 days from the date of denial for the Government to respond to the complaint and file the administrative record in this matter.

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this case to USTR consistent with our proposed order.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge,
International Trade Field Office

/s/ Elizabeth Speck
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0369

OF COUNSEL:

PHILIP BUTLER
Associate General Counsel
MEGAN GRIMBALL
Associate General Counsel
RACHEL HASANDRAS
Assistant General Counsel
Office of General Counsel
Office of the U.S. Trade Representative
600 17th Street N.W.
Washington, D.C. 20508

PAULA SMITH
Assistant Chief Counsel
EDWARD MAURER
Deputy Assistant Chief Counsel
VALERIE SORENSEN-CLARK
Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

August 31, 2022

SOSUN BAE
Senior Trial Counsel
JAMIE L. SHOOKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*